Peck, J.,
delivered the opinion of the Court.
Augustus Kingsbury, as administrator of the estate of Daniel Loomis, deceased, by his amended petition, claims that there is due to him from the United States (less a credit) the sum of $12,886 84, per items as follows: For extra work on the Cumberland road, $1,556; for work under contract and not included in any measurement, $5,464 84; for extra labor in constructing 1,676 rods of road in a manner differing from that required by contract, $4,190 ; for keeping the same number of rods of road in repair, after they were completed and before the acceptance of them by the government, $1,676. There is an admission of payment on account of the above of $3,311 59, leaving, as is insisted, a balance due to the estate amounting to $9,575 25.
On the argument, the attorney in fact who appeared for the estate, relinquished all .claim to the several items stated in the petition, except those for extra work in constructing the road in a manner different from that required by the contract, and for keeping the road in repair after completion and before acceptance.
*14 Daniel Loomis was a sub-contractor, recognized as such, under Mc-Giffin and others, whose contract required that the “ lower stratum of the stone to be placed in the road-bed should be broken so as to pass through a seven-inch ringbut these were not required to be placed in the road-bed in any particular order or manner, but the road was to be covered twenty feet in width with stone eighteen inches in depth in the middle, and diminishing to twelve inches at the sides; the lower stratum to be as before stated.
After work upon the road had been commenced as required by the contract, it was thought advisable to change the manner of placing the lower stratum of stone, and also to change the size thereof, “so that they, being placed edgewise, with a little inclination, would form an arch of twelve inches in the middle,-tapering to six at the sides, and thus forming a pavement and arch,” as was supposed, of greater strength and durability than Avould have resulted from the original plan; Avhich Avas, that the stone were to he placed in the road-bed Avithout any other regard to order than the curvature required by the contract.
It is insisted that by this change in the material to be used, and in the manner of doing the work, the cost was enhanced to the contractor, and for this he has not been compensated.
The superintendent of this road has admitted that the change required by him did enhance the cost to the contractors. It appears from the proofs (apart from the admission of the superintendent) that the extra labor and extra cost of the material required to effect this change Avas Avorth, at a Ioav estimate, tAVo dollars and fifty cents per rod. It is obvious to every practical mind that the expense of placing stones by hand, so as to make a pavement, Avould he greater than the expense of dropping them without regard to order or regularity. All this must have been knoAvn to the agents of the government who -directed the change.
Others similarly situated have had allowances made to them by Congress, as appears by reference to the statutes.
We shall direct a judgment to he entered, to cover the expense of this Avoik, for the sum of $4,190.
The second item of claim, for keeping the road in repair, is not sustained.
It appears from the record that the decedent dicl not, in the first instance, complete the upper stratum or surface of the road as his contract required, or to the acceptance of the government.
Although the road Avas opened for use before it Avas accepted, and *15 was worn by use, the commissioners who were appointed to examine and pass upon its condition preliminary to its acceptance under the contract, took this wear of the road into consideration, and pronounced against him. In their report of this part of the road they say, “ Having duly considered the effects of travelling, &c., on the one hand, and the defective quality of the material on the other,” it was ordered that he should complete his original undertaking, by removing from the surface of the road improper material which he had placed upon it, and substitute better, and also add to its quantity, so as to bring it within the requisitions of the contract.
Mr. S. L. Loomis for the claimant.
Mr. J. D. McPherson, Assistant Solicitor, for the government.
From this it would appear that the injury to the road from wear and use had been taken into account in estimating the labor required to bring it up to the standard of obligation assumed by Loomis.
That this view of the case is correct may be inferred from the fact, so far as appears from the record, that Loomis made no complaint on this score by any of his several petitions presented to Congres 3 in 1831, 1832, 1834, (in this year there were two petitions,) 1835, and in 1836, seeking remuneration for damages for the work, &c., by him on this road, he having ceased work on it prior to 1822. That this item of claim is a recent afterthought may not be an unreasonable conjecture. It would seem that if Mr. Loomis had felt himself entitled to compensation in this regard, it would have been included with his other demands. The only petition which is set out at length in the record is bare of any allusion to it.
That Congress has, as is alleged, made compensation to other contractors under similar circumstances for keeping other portions of the road in repair is not sufficient to justify us in doing so, upon this record. We must presume that there were other proofs in those cases which justified those appropriations ; or it may be that Congress was moved to grant relief by reasons or purposes which we are not authorized to consider, and by which we would not be justified in shaping our conclusions.
A judgment will be rendered for the sum of four thousand one hundred and ninety dollars, for the extra work of the decedent in placing the substratum of stone in and along the Cumberland road, at two dollars and fifty cents per rod.
Judges Loring and Hughes, not having heard the argument in this case, took no part in the decision.